Joseph A. Cox, S.
The testator intended that his residuary estate be used for charitable purposes and, to accomplish this result, he bequeathed 50% of the residuary estate to the University of California, 10% to the “ Old Peoples Home of San Francisco ”, 10% to the “ Home for Aged Jewish People located in San Francisco”, 10% to “any Home or Charitable Institution for Aged Colored People in or near San Francisco ”, 10% “to any Fund established for the Colonization of Jewish Refugees in any foreign country ”, and 10%, less $1,000, “ to such institutions for Blind People in New York City and San Francisco as may be selected by the Executors.” The will contains the following provision: “ In case in the discretion of my executors it shall not be practical to distribute to any of the above-mentioned beneficiaries the aforesaid bequests, then the remaining beneficiaries shall receive in equal proportions such undistributed amount or amounts.” It has been held that in using the description “Home for Aged Jewish People ” the *47 testator intended a legacy to the Hebrew Home for Aged Disabled.
The immediate question arises because of the executors ’ request for advice and directions as to the gift to “ any Home or Charitable Institution for Aged Colored People in or near San Francisco ”. The executors have not concluded that it is not practical to distribute this 10% portion of the residuary estate and, since any such determination is vested in the executors by the will, the only question before the court is whether or not there is a home or charitable institution which qualifies as a recipient of the legacy within the description contained in the will. Today there are but two organizations in or near San Francisco which are in a position to qualify as possible recipients of the gift. Booker T. Washington Community Service Center is a corporation dedicated to charitable purposes, with appropriate tax exemption, and is devoted to aiding colored people through nursing and medical services and in connection with housing problems. This organization has cared for aged colored people in the past and, with additional funds, is prepared to expand the scope of its services to such persons. The second organization is the San Francisco Foundation for Aged Colored Persons which was incorporated in 1960, after the death of this testator. This foundation enjoys tax exemption and its stated purposes are to provide counselling, food, clothing, housing, medical care and recreation for aged colored persons directly and by grants for such purposes to other charitable organizations. This corporation was formed for the purpose of qualifying as a legatee under this will. It has been stated that, if the foundation shall receive the legacy, it would make grants to the Booker T. Washington Community Service Center and in view of this the service center is not competing with the foundation for the gift. The Attorney-General of this State and the Attorney-General of California are in accord in recommending payment to the foundation. The opposition to payment to either of these organizations comes from the University of California and the Hebrew Home for Aged Disabled.
The question is solely one of effectuating the charitable purposes of this testator and the duty of the court is to accomplish this purpose by a liberal construction of the testator’s will (Matter of Potter, 307 N. Y. 504). The testator’s plan was to employ his residuary estate for the assistance of education, aged persons generally, aged Jews, refugee Jews, aged colored persons and the blind. He bequeathed half of his residuary estate for educational purposes and distributed the balance equally among the *48 groups of needy persons whom he identified. If at all possible, this carefully conceived plan should be carried into effect subject only to the discretion granted to the executors to deviate, to the extent permitted by this will, in the event the fulfillment of the testator’s intent should not prove practical. The court does not consider the will as designating either a home or an institution devoted exclusively to the care of aged colored persons and it is apparent that the intent of the testator will be complied with by payment to an organization which includes the care of such persons in its services, particularly since the functioning of charities is subject to control by State authorities and application of the fund can be supervised. The conclusion of this court is that either of the two mentioned organizations now aiding aged colored persons is qualified to receive the bequest and, from the facts presented, there appears to be no practical reason for declining to distribute to one of them. The objection based upon the fact that the foundation was not in legal existence at the date of the testator’s death is met by section 12 of the Personal Property Law, as amended by chapter 715 of the Laws of 1953, which applies to this will. It is within the authority of the executors to choose the recipient of the legacy and to exercise the discretion given to them to determine whether distribution shall be practical.